# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN MASON, CLAUDIA A. MASON,<br><br>            Plaintiffs,<br><br>v.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 24-cv-1849-DMS-KSC<br><br>**ORDER DENYING EX PARTE APPLICATION TO ADVANCE HEARING OR TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE** |

Pending before the Court is Plaintiffs' counsel's ex parte application to advance the February 14, 2025 hearing on Plaintiffs' counsel's motion for order to withdraw as counsel or, in the alternative, continue the February 10, 2025 Early Neutral Evaluation Conference. (ECF No. 31).  Defendants do not oppose.  (ECF No. 32).

"Ex parte relief is rarely justified." *Al Otro Lado, Inc. v. Wolf*, No. 17-CV-02366-BAS-KSC, 2020 WL 8617490, at *1 (S.D. Cal. Dec. 7, 2020) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)).  To warrant ex parte relief, the moving party must first show that their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.  Second, the moving party must establish "that [it]

is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* The motion "must be supported by deposition transcripts or by affidavits or declarations whose contents would be admissible if the deponents, affiants, or declarants were testifying in court. A statement 'on information and belief' by the lawyer preparing the papers is insufficient." *Id.*

Plaintiffs' counsel has not carried its burden as to the second element.[1] Counsel acknowledges that "[i]ts relationship with Plaintiffs has deteriorated and broken down irreparably." (ECF No. 31, at 3). However, Plaintiffs' counsel's present ex parte motion, its accompanying attorney declaration by Rabiya Tirmizi, and the underlying motion to withdraw do not explain how Plaintiffs' counsel is without fault for the breakdown in the attorney-client relationship or that any neglect precipitating the circumstances is excusable.

Accordingly, the Court **DENIES** Plaintiffs' counsel's ex parte application for relief. All hearing dates shall remain the same. Plaintiffs' counsel will have the opportunity to elaborate the merits of their motion to withdraw at the February 14, 2025 hearing.

**IT IS SO ORDERED.**

Dated: February 7, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[1] Because the Court finds that Plaintiffs' counsel has not carried its burden as to the second prong, the Court declines to rule on whether Plaintiffs' counsel has carried its burden as to the first prong.