1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JOHN MASON and
CLAUDIA MASON,

                        Plaintiffs,

v.

FCA USA, LLC,

                        Defendant.

Case No.:  24-cv-1849-DMS-KSC

**ORDER DISCHARGING ORDERS TO SHOW CAUSE**

      Two Orders to Show Cause remain undischarged. Doc. Nos. 9, 16. As the Court will explain, the Orders are hereby discharged and counsel for plaintiff will be sanctioned.

**I      Background**

      On October 16, 2024, the Court issued a Notice and Order setting this case for an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC"). Doc. No. 5 (the "ENE Order"). The ENE Order required plaintiffs and their counsel to take specific actions prior to the ENE for the purpose of furthering settlement discussions, including:

      (1)    Conducting a meet-and-confer session between counsel, either in person or by videoconference, on or before November 21, 2024;

24cv1849

(2)     Lodging an ENE brief with the Court the week before the ENE that included certain mandatory documents; and

(3)     Supplying the Court with identification and contact information for all conference participants, including the plaintiffs, both of whose attendance is mandatory unless excused by the Court. *See generally id.*

On December 5, 2024, the Court issued an Order to Show Cause for violating the Court's ENE Order because plaintiffs' counsel had lodged an ENE brief, but it did not include the required billing statement, represented that no efforts at meeting and conferring had been conducted as ordered, failed to provide contact information for conference participants, and did not include the mandatory settlement statements that should already have been provided to defense counsel and lodged with the Court. *See* Doc. No. 9 (the "First OSC"). The First OSC required plaintiff *and* plaintiff's counsel to submit declarations *and* appear at a telephonic hearing on December 12, 2024. *Id.* Plaintiffs never submitted a declaration. Plaintiffs' attorneys of record at the time the First OSC issued— Sanam Vaziri, Rabyia Tirmizi, and Tionna Carvalho—submitted declarations. Doc. Nos. 12-14.[1] The Court held a hearing on December 12, 2024, but plaintiffs failed to appear. Doc. No. 15. Attorney Tionna Carvalho also failed to appear. *Id.*

Given the non-appearances at the hearing on the First OSC, the Court continued the hearing and, on December 12, 2025, issued another Order to Show Cause for plaintiffs' and counsel's violations of the First OSC. *See* Doc. No. 16 (the "Second OSC"). The Court ordered plaintiffs *and* their four attorneys of record to file declarations *and* appear at the video conference hearing on the Second OSC on December 19, 2025. *Id.* Two of plaintiffs' four attorneys—Rabiya Tirmizi and Tionna Carvalho—submitted declarations as ordered.

---

[1]     Attorney Elizabeth LaRocque entered a Notice of Appearance in this matter after the First OSC issued but before the deadline for filing declarations responsive to the First OSC. Doc. No. 11. The Court did not expect Ms. LaRocque to respond to the First OSC given she was not counsel of record at the time it issued.

Doc. Nos. 18, 19. Plaintiffs submitted a declaration as ordered. Doc. No. 20. Attorneys Elizabeth LaRocque and Sanam Vaziri did not submit declarations. On December 19, 2024, the Court held hearings on the First OSC and the Second OSC by video conference. Doc. No. 21. Plaintiffs and their attorneys all appeared. *Id.* The Court took the matter under submission after hearing from the parties and counsel. *Id.*

## II    Whether Plaintiffs or Their Attorneys Should be Sanctioned

The Court must now issue orders discharging both OSCs and determining whether plaintiffs and their attorneys, singly or in combination, should be sanctioned for repeated violations of the Court's pretrial Orders. The Court may generally issue "any just orders" to sanction parties or their attorneys for the failure to appear at a pretrial conference, failure to be prepared for a pretrial conference, failure to participate in that conference in good faith, or other failures. *See* Fed. R. Civ. P. 16(f). The Court will separately address whether plaintiffs and their counsel have shown cause in response to the First and Second OSC.

### (A)    Plaintiffs' and Counsel's Response to the First OSC

The subject of the Court's First OSC is whether plaintiffs and their attorneys should be sanctioned for the failure to comply with the ENE Order requiring the exchange and production of information to maximize the likelihood of settlement at the ENE. *See* Doc. No. 9. Plaintiffs did not file a declaration responsive to the First OSC, but at the Second OSC hearing they explained their attorneys did not provide them with any notice of the First OSC or the hearing until the day before the December 12, 2024, hearing, which was *after* the deadline to file declarations had already passed. *See* Doc. No. 26 at 14. Plaintiffs later submitted a declaration [Doc. No. 20], and they further explained themselves at the hearing [Doc. No. 26 at 8-24]. As plaintiff Christopher John Mason succinctly put it, he received "bad" or "limited information" from his counsel, and he always intended to comply with the Court's Orders. Doc. No. 26 at 10-11. Given that plaintiffs are not attorneys—and are therefore justified in relying on their counsel's advice about what actions they must take to pursue their cases—the Court concludes this is a case of plaintiffs' inadvertence because they did not receive adequate information from their lawyers about

their obligation to file declarations and appear at the First OSC hearing. The fact that plaintiffs later submitted declarations and appeared at the hearing on the Second OSC further bolsters the Court's conclusion the plaintiffs intended to comply with the Court's Orders and any noncompliance on their part was inadvertent. Thus, plaintiffs have shown cause as ordered by the First OSC and no sanctions will be imposed on them.

As for counsel, each of plaintiff's three attorneys who were counsel of record at the time of the First OSC offered different explanations as to why they failed to comply with the Court's ENE Order. Attorney Sanam Vaziri declared her "role and responsibility" at her law firm—Strategic Legal Practices—is limited to drafting and filing complaints in state courts. *See* Doc. No. 12 at 2. After that, she disclaims any responsibility for this matter.[2] *Id.* But all attorneys who have appeared are jointly responsible for ensuring compliance with the Court's orders. *See, e.g.*, *Steel v. Stoddard*, 11-cv-2073-H-RBB, 2013 WL 12064545, 2013 U.S. Dist. LEXIS 1199213, at 30 (S.D. Cal. Feb. 15, 2013) (citing *Beck v. Wecht*, 28 Cal. 4th 289, 297-98 (2002)). Here, attorney Vaziri filed this action, and the Court is unaware of any authority holding that its subsequent removal absolves her of her duties to her clients and to this Court. Accordingly, she has not shown cause to excuse her noncompliance with the Court's ENE Order.

Attorney Tionna Carvalho declares her sole responsibility in this case was pre-filing review of the initial Complaint. *See* Doc. No. 14 at 2. Moreover, she declares she was on maternity leave when the deadlines for compliance with the Court's ENE Order passed. *See id.* Although the Court is sympathetic to the fact that Ms. Carvalho was on maternity leave, she nonetheless remains responsible for all the cases on which she appears as counsel of record. While she is free to "review" complaints bearing her name and then delegate responsibility for those cases after they are filed, she does so at her peril in the eventuality that, as happened here, the junior attorneys at her firm fail to comply with court rules and

---

[2]     This case was filed in the San Diego Superior Court on September 9, 2024, and thereafter removed to this Court on October 14, 2024. Doc. No. 1.

orders. Attorneys taking leave for various reasons may notify the Court and opposing counsel by withdrawing from matters or filing "notices of unavailability" during planned leaves, thereby alerting others that their case involvement is limited during a set period. Ms. Carvalho's failure to follow such best practices means she remained active in this case, and she has not shown cause for her failure to comply with the Court's ENE Order.

Attorney Rabiya Tirmizi declares the meet-and-confer efforts with opposing counsel happened as ordered in this case, although she did not conduct them herself, and she simply forgot to include the required information in the ENE brief she lodged with the Court. Doc. No. 13. Although she did not include contact information for the plaintiffs, she did give the Court the names of both plaintiffs who would attend the ENE with her, and the ENE brief includes her contact information. *Id.* She claims the failure was "inadvertent and unintentional" because she was unfamiliar with Court rules. The Court cannot conclude this is the result of mere inadvertence or excusable neglect because it is not as if Ms. Tirmizi explained she *meant to* comply with the ENE Order, but unusual circumstances conspired against her—rather, her declaration is a textbook example of inexcusable neglect of her responsibilities to her client and this Court. Failing to read and follow the Rules is her fault. She has not, accordingly, shown good cause for her failure to comply with the Court's ENE Order.

### (B)    Plaintiff and Counsel's Response to the Second OSC

The Second OSC differs in scope from the First. *See generally* Doc. No. 16. Plaintiffs and their attorneys were all ordered to show cause for plaintiffs' failure to appear at the December 12, 2024, hearing on the First OSC. *See* Doc. No. 16 at 2. Plaintiffs also received a renewed deadline to submit declarations responsive to the first OSC. *Id.* Moreover, plaintiffs' attorneys were ordered to show cause for attorney Carvalho's failure to appear at the First OSC hearing. *Id.*

Plaintiffs lodged a declaration as ordered. Doc. No. 20. The declaration offers an *apology* for failing to attend the December 12, 2024, hearing but offers no *explanation* as to why the plaintiffs failed to appear. *Id.* The declaration is, therefore, insufficient. But, at

the December 19, 2024, hearing, plaintiff Christopher John Mason explained that plaintiffs' failure to attend the December 12, 2024, hearing was because their attorneys did not tell them the ENE had been vacated and the First OSC hearing set until the night before the hearing, and they further advised plaintiffs their presence at the hearing was "requested" as opposed to "required." Doc. No. 26 at 10-12, 15. Even so, Mr. Mason stated his attorneys told him the case was going to be dismissed by the Court. *Id.* Curiously, at the previous hearing on December 12, 2024, attorney Rabiya Tirmizi told a slightly different story. *See* Doc. No. 24 at 4-5. Her version of the facts was that she impressed upon Mr. and Mrs. Mason the importance of their attending the hearing on the First OSC, but they declined to participate in the hearing because they had lost interest in pursuing their case. *Id.* However, on December 19, 2024, plaintiffs adamantly denied any interest in dropping the case. Doc. No. 26 at 11. Rather, they were under the impression *the Court* was going to *sua sponte* dismiss the action in this District—against their wishes—and they might need to refile in Texas. *See* Doc. No. 26 at 10-12, 15-16.[3] These two explanations of why the plaintiffs did not respond to the First OSC are not irreconcilable. Rather, it appears counsel simply did not tell the whole story on December 12, 2024. Now, having heard from the plaintiffs, the Court finds their failure to attend the December 12, 2024, hearing is excusable for good cause shown because their attorneys have have misled them about their obligations to attend.

On the other hand, the Court finds that counsel's explanation is at best incomplete. Plaintiffs' counsel bears responsibility for plaintiffs' failure to appear or file declarations responsive to the First OSC because it was their responsibility to advise their clients

---

[3]    The Court's docket reflects that at no point in the history of this case has the District Judge issued an Order to Show Cause as to why the case should be dismissed for improper venue, lack of standing, or any other issue related to plaintiffs' having purchased, repaired, and driven the car outside California.

appropriately and secure their clients' attendance. Counsel has not shown good cause for their failure to fulfil that obligation.

While attorneys LaRocque and Vaziri submitted declarations responsive to the First OSC, they both failed to submit declarations responsive to the Second OSC. During the December 19, 2024, hearing on the Second OSC, they both claimed they did not understand the Second OSC as requiring them to submit further declarations. *See* Doc. No. 26 at 19-20. The Second OSC plainly required *all* plaintiffs' attorneys of record, each of whom are named individually, to explain the collective failures to comply with the First OSC. *See* Doc. No. 16 at 2. Thus, attorneys Vaziri and LaRocque unreasonably concluded their obligations to abide by the Court's Orders had been satisfied. They have both failed to show cause for their failures to comply with the First OSC.

Ms. Carvalho filed a declaration as ordered by the Second OSC. *See* Doc. No. 19. However, the declaration includes no explanation for why she did not appear at the First OSC hearing or why she did not secure her client's compliance with the First OSC. *See id.* Instead, Ms. Carvalho tries to explain how and why she and her colleagues filed a bevy of California Lemon Law cases in the Southern District on behalf of plaintiffs who reside outside California; and who may have purchased, repaired, and driven their vehicles in states other than California. *See generally id.*[4] That is not what Ms. Carvalho has been ordered to show cause for by *this* Court in *this* case. During the hearing on the Second OSC, Ms. Carvalho did offer to show cause for her failure to appear at the hearing on the First OSC by explaining how she thought she was excused from appearing because she was on maternity leave. *See* Doc. No. 26 at 21. But, as the Court has already explained, absent any filing to advise the Court of her planned leave, as counsel of record whose name is prominently displayed in filed pleadings, this explanation does not show cause for her

---

[4] Other judges in this District have taken up that issue. *See, e.g.*, *McPhail v. FCA US, LLC*, 24-cv-1879-WQH-DDL, Doc. No. 7 (S.D. Cal. Jan. 6, 2025); *Fraser v. FCA US, LLC*, 24-cv-1805-JES-DDL, Doc. No. 5 (S.D. Cal. Dec. 16, 2024). This Court has not.

failure to attend a court-ordered hearing.[5] Accordingly, the Court concludes Ms. Carvalho has not shown good cause for her failure to comply with the First OSC.

Ms. Tirmizi's declaration makes no effort to explain her failure to secure her clients' compliance with the First OSC. *See generally* Doc. No. 18. She concedes she did not tell her clients about the December 12, 2024, hearing until the night before. Doc. No. 26 at 21. Because her clients have filled in the gaps—that she advised them their presence was only "requested" and the Court was likely to dismiss the case anyway—the Court finds Ms. Tirmizi has not shown good cause for her failure to secure her clients' compliance with the First OSC. In fact, she is directly and inexcusably responsible for the failure.

Plaintiff and their attorneys have violated numerous Orders of the Court. Some of the violations remain unexplained. What explanations counsel have provided all fall short of establishing good cause for repeated violations of the Court's Orders. Plaintiffs have, however, shown good cause by establishing they followed their attorneys' erroneous instructions, which shows plaintiffs' failures to comply with the Court's Orders were genuinely inadvertent. The Court concludes sanctions are appropriate only against counsel. The only question remains what type of sanction shall be imposed.

### **(C)    The Appropriate Sanction**

The Court has discretion to issue "any just orders" under Rule 16(f), including the full panoply of sanctions enumerated in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii) and the option to shift fees and costs between the parties. *See* Fed. R. Civ. P. 16(f). Sanctions can be imposed against a party, the party's attorney, or both. *See id.* The sanctions provision of Rule 16 is "broadly remedial," and its purpose is to encourage "forceful judicial management." *See Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). The Court's discretion can even include the imposition so-called "punitive" sanctions that "vindicate the authority of the court by punishing the offending party." *See*

---

[5]    Ms. Carvalho could also have sought to be relieved from her obligation to attend the OSC hearings by filing an appropriate motion in advance, but she failed to do so.

*HM Elecs., Inc. v. R.F. Techs., Inc.*, 171 F. Supp. 3d 1020, 1026-27 (S.D. Cal. 2016); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, n.10 (9th Cir. 1983) (noting rule-based sanctions, even if not based on the contempt power, "may be imposed to deter and to penalize"); *Media Duplication Servs. v. HDG Software*, 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16] obligation."); *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604-05 (E.D. Cal. 1999) (sanctioning counsel $300, payable to the Clerk of Court, for failing to comply with a Scheduling Order). At the same time, the Court's authority to impose sanctions is limited by prudential concerns, including restraint from issuing monetary sanctions when "more moderate penalties" suffice. *See Zambrano v. Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989).

The default Due Process rule for Rule 16(f) sanctions is simply that a party or attorney to be sanctioned receive notice and an opportunity to be heard. *See Ayers v. Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *see also Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 520-21 (9th Cir. 1983) (upholding the imposition of a $250 punitive sanction issued pursuant to a local rule on the grounds that it was not a contempt sanction and not inconsistent with the FRCP); *Banks v. Whambo! Enter., LLC*, 2022 U.S. App. LEXIS 31400, at *2 (9th Cir. Nov. 14, 2022) (upholding a $500 punitive sanction imposed under Rule 16(f) after providing notice and an opportunity to be heard). But if the sanction is sufficiently serious, regardless of the authority under which it is imposed, the Court cannot impose any such sanction without "following the procedures applicable to criminal cases, including appointment of an independent prosecutor, proof beyond a reasonable doubt and a jury trial." *Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011). Although never explicitly resolved at the Circuit level, the Ninth Circuit has endorsed a rough guideline of $5,000 "in 1989 dollars" as the cutoff for where a trial court must supply criminal safeguards before imposing serious punitive sanctions. *See id.; accord Ocwen Loan Servicing, LLC v. Marino*, 577 B.R. 772, (B.A.P. 9th Cir. 2017). This guidance is in accord with the other Circuits that have taken up the question. *Miller*, 661 F.3d at 1030.

As to whether defendant's costs should be shifted and borne by plaintiff's attorneys, the Court cannot see the utility of imposing defendants' costs against plaintiffs' counsel in this case. The only stakeholders who have suffered any substantial prejudice are the plaintiffs. Counsel's actions have also required this Court to expend substantial time enforcing orders and holding OSC hearings. Shifting defense costs does not remedy that prejudice, and the Court therefore declines to do so. At the same time, the Court concludes the imposition of some sanction is appropriate here.

Counsel have violated the Court's Orders multiple times, they have had notice and an opportunity to show cause why their failures to follow Court orders should be excused, and they have generally failed to provide suitable explanations the Court finds satisfactory. As a matter of prudence, the Court finds anything less than a monetary sanction would be insufficient. Accordingly, the Court exercises its discretion under Federal Rule of Civil Procedure 16(f) to impose a sanction of $500 each against attorneys Tirmizi, Vaziri, and Carvalho, and $250 against attorney LaRocque, to be paid to the Court, rather than to the opposing party. *See Dwight Banks v. Whambo! Enters., LLC*, 20-cv-1674-LAB-DEB, 2021 WL 2290783, 2021 U.S. Dist. LEXIS 105563, at *23 (S.D. Cal. Jun. 4, 2021), *aff'd in part*, *Banks*, 2022 U.S. App. LEXIS 31400.

### III.    Counsel's Unprofessional Conduct

The Court also has concerns that counsel's handling of this matter amounts to a breach of professional responsibility. Counsel have generally failed to: (1) follow the Court's Orders; (2) secure the participation of their clients at court hearings in this matter; and (3) diligently move this case forwards. Worse, the record in this matter could support a conclusion that counsel affirmatively misled their clients when they advised their clients that the Court would be dismissing their case. At no point was this case potentially subject to *sua sponte* dismissal by the Court, yet, according to plaintiffs' explanations at the December 19, 2024, hearing [Doc. No. 26 at 10-12, 15-16], counsel informed their clients that *sua sponte* dismissal was nonetheless likely, so the clients should voluntarily dismiss their case preemptively. This representation, if in fact made by counsel, was in direct

24cv1849

conflict with their clients' stated goal of pursuing this litigation and seeking a resolution. Furthermore, at the December 12, 2024, hearing, counsel represented that their clients didn't want to participate in the case—rather than explain that their failure to attend the OSC was because counsel failed to tell them about it on time and also told them their attendance was optional. The Court need not conclusively decide which version of the facts is true. It remains unsettling, however, that the record in this case would support a conclusion that counsel made inconsistent representations to the Court, which have not been beneficial to their clients (perhaps even putting counsel's interests ahead of the clients), and which might be construed as a breach an attorney's duty of undivided loyalty.

These professional failures all speak to a serious lack of attention to the material details of this representation, which appear to follow a pattern with plaintiff's attorneys. The Court is aware of three cases in which plaintiff's counsel vaguely declare they have lost contact with a client. *See McPhail v. FCA US, LLC*, 24-cv-1879-WQH-DDL, Doc. No. 6 at 2 (S.D. Cal. Jan. 6, 2025); *Fraser v. FCA US, LLC*, 24-cv-1805-JES-DDL, Doc. No. 8 at 3 (S.D. Cal. Dec. 27, 2024); *Cardona v. FCA US, LLC*, 24-cv-1848-JAH-KSC, Doc. No. 19 at 2-3 (S.D. Cal. Dec. 17, 2024). Although the Court understands that client relationships break down on occasion, simultaneously losing contact with three clients in three separate lawsuits all filed in the same Court during the same general time frame is very concerning.[6] Counsel's unprofessional conduct is not the basis for the Court's decision to issue sanctions in this case. The Court makes this observation about counsel's conduct because future lapses in professional conduct may lead to a disciplinary referral pursuant to Civil Local Rule 2.2.e.

////

---

[6]    With this troubling case history, counsel have sought and were given leave to withdraw from representation, citing irreconcilable differences with their client. *See* Doc. No. 26 at 11-15; Doc. No. 27; Doc. Nos. 35-36. Withdrawing from representation does not absolve counsel of responsibility to pay sanctions.

## IV    Conclusion

The Court's prior Orders to Show Cause are discharged. Attorneys Tionna Carvalho, Rabiya Tirmizi, and Sanam Vaziri[7] shall each pay a sanction of $500 to Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, Fund of the United States Treasury. Elizabeth LaRocque shall pay a sanction of $250 on the same terms. The sanctions shall be delivered to the Office of the Clerk of Court for the Southern District of California on or before **March 10, 2025**.

Counsel shall file declarations attesting to payment of their sanctions within 48 hours of making payment.

Because Counsel have withdrawn from representation, the Clerk of Court is **DIRECTED** to serve counsel at their last known addresses prior to the date of withdrawal.

**IT IS SO ORDERED**

Dated: February 28, 2025

Hon. Karen S. Crawford
United States Magistrate Judge

---

[7]    Attorney Vaziri filed a "Notice of Disassociation of Counsel" on January 23, 2025. Doc. No. 30. The filing does not relieve her of the consequences of this Order, including the imposition of sanctions.

24cv1849